UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Defendant. | Case Nos. 17-cv-04414-JST, 17-cv-04426-JST<br><br>**CASE MANAGEMENT ORDER** |

Currently before the Court is Zscaler's motion to stay Case No. 17-cv-4414 ("Case Two") pending disposition of Case No. 17-cv-4426 ("Case One"). The Court will hear the motion on November 2, 2017, concurrently with a case management conference.

The motion to stay raises larger questions of case management. Case One alleges infringement of seven patents and makes 158 infringement claims. These claims in their totality cannot all be tried to a single jury. Similar questions about feasibility arise in connection with discovery, claim construction, and invalidity/prior art. These questions would arise even in the absence of second case, and the second case raises the same questions.

So that the Court can better address these issues at the same time it resolves the pending motion to stay, the parties are ordered to include a joint proposal or competing proposals for the overall case management of these two cases that provide sensible limits on the number of claims initially asserted, items of prior art, terms to be construed by the Court, the number of claims that will finally be submitted to a jury, and any other limits that will promote the just, speedy, and efficient resolution of the case. In selecting their proposed limits, the parties should seek to maximize the bellwether effect of the litigation, so that the need to litigate any remaining claims is reduced.

If the Court allows only a subset of patents or claims to proceed initially, that subset might include claims from only one of the parties' two cases, from the other case, or from both cases. The Court could consolidate the case, stay one of them, or allow them proceed in parallel. These questions remain to be determined.

In drafting their proposals, the parties may wish to consult the model order prepared by the Federal Circuit's Model Order Committee.[1] A copy of that model order may be found at https://patentlyo.com/media/docs/2013/07/model-order-excess-claims.pdf. The parties should also bear in mind that if they submit competing case management proposals, the Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable. See Sage Electrochromics, Inc. v. View, Inc., No. 12-CV-6441-JST, 2014 WL 1379282, at *3 n.3 (N.D. Cal. Apr. 8, 2014).

The parties' case management statement must be filed by October 30, 2017 at 5:00 p.m., not October 31 as previously ordered.

**IT IS SO ORDERED.**

Dated:  October 23, 2017

JON S. TIGAR
United States District Judge

---

[1] The order was not adopted as a model order by the Federal Circuit.