UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SYMANTEC CORPORATION, | Case Nos. 17-cv-04414-JST, 17-cv-04426-JST |
|---|---|
| Plaintiff, | |
| v. | **SCHEDULING ORDER AND ORDER DENYING MOTION TO STAY** |
| ZSCALER, INC., | |
| Defendant. | |
| SYMANTEC CORPORATION, | |
| Plaintiff, | |
| v. | |
| ZSCALER, INC., | |
| Defendant. | |

The Court hereby sets the following case deadlines for Case No. 17-cv-04426 ("Case One") pursuant to Federal Rule of Civil Procedure 16 the Civil Local Rules, and the Patent Local Rules:

| Event | Deadline |
|---|---|
| Plaintiff's deadline to comply with PLR 3-1 and 3-2 requirements | September 19, 2017 |
| Defendant's deadline to comply with PLR 3-3 and 3-4 requirements | November 17, 2017 |
| PLR 4-1 Exchange of proposed terms | December 1, 2017 |

| Event | Deadline |
|---|---|
| Symantec to make first election of asserted claims (no more than 32 claims total and no more than ten claims per patent) | December 15, 2017 |
| PLR 4-2 Exchange of preliminary constructions and extrinsic evidence | December 21, 2017 |
| Deadline to amend pleadings | December 22, 2017 |
| PLR 3-8 Damages contentions due | December 29, 2017 |
| Zscaler to make first election of prior-art references (no more than 40 references total and no more than 12 references per patent) | January 12, 2018 |
| PLR 4-3 JCCS | January 19, 2018 |
| PLR 3-9 Responsive damages contentions | February 9, 2018 |
| PLR 4-4 Completion of claim construction discovery | February 23, 2018 |
| PLR 4-5(a) Plaintiff's opening claim construction brief | March 9, 2018 |
| PLR 4-5(b) Defendant's responsive brief | March 30, 2018 |
| PLR 4-5(c) Plaintiff's reply claim construction brief | April 10, 2018 |
| Technology tutorial | June 5, 2018 at 1:30 p.m. |
| Claim construction hearing | June 19, 2018 at 1:30 p.m. |
| Symantec's deadline to reduce the number of asserted claims to a maximum of sixteen claims (with no more than five claims per patent) | 28 days after claim-construction order |
| Zscaler's deadline to reduce the number of prior art references to no more than 20 references (with no more than six references per patent) | 14 days thereafter |

The Court hereby sets the following case deadlines for Case No. 17-cv-04414 ("Case Two") pursuant to Federal Rule of Civil Procedure 16 the Civil Local Rules, and the Patent Local Rules:

| Event | Deadline |
|---|---|
| Plaintiff's deadline to comply with PLR 3-1 and 3-2 requirements | June 15, 2018 |
| Symantec to make initial election of asserted claims (no more than 50 claims total and no more than 12 claims per patent) | August 3, 2018 |
| Defendant's deadline to comply with PLR 3-3 and 3-4 requirements | August 13, 2018 |
| Zscaler to make initial election of asserted prior art (no more than 60 references total and no more than 14 references per patent) | August 24, 2018 |
| PLR 4-1 Exchange of proposed terms | August 27, 2018 |
| Symantec to make second election of asserted claims (no more than 32 claims total and no more than ten claims per patent) | September 10, 2018 |
| PLR 4-2 Exchange of preliminary constructions and extrinsic evidence | September 17, 2018 |
| Deadline to amend pleadings | September 18, 2018 |
| PLR 3-8 Damages contentions | September 25, 2018 |
| Zscaler to make second election of prior-art references (no more than 40 references total and no more than 12 references per patent) | October 9, 2018 |
| PLR 4-3 JCCS | October 15, 2018 |
| PLR 3-9 Responsive damages contentions | November 5, 2018 |
| PLR 4-4 Completion of claim construction discovery | November 19, 2018 |
| PLR 4-5(a) Plaintiff's opening claim construction brief | December 3, 2018 |
| PLR 4-5(b) Defendant's responsive brief | December 21, 2018 |
| PLR 4-5(c) Plaintiff's reply claim construction brief (agreed date) | January 9, 2019 |
| Technology tutorial | March 5, 2019 at 1:30 p.m. |

| Event | Deadline |
|---|---|
| Claim construction hearing | March 19, 2019 at 1:30 p.m. |
| Symantec's deadline to reduce the number of asserted claims to a maximum of sixteen claims (with no more than five claims per patent) | 28 days after claim construction order |
| Zscaler's deadline to reduce the number of prior art references to no more than 20 references (with no more than six references per patent) | 14 days thereafter |

All filing and service deadlines occur at 5:00 p.m. Pacific Time.

In each case, following claim construction the Court will conduct a case management conference for the purpose of setting a trial date and the remaining deadlines in the case.

The motion to dismiss in Case One, ECF No. 9, will be heard on December 21, 2017 at 2:00 p.m. The motion to dismiss in Case Two, ECF No. 16, will be heard on August 18, 2018 at 2:00 p.m.

The motion to stay in Case Two, ECF No. 59, is denied.

Counsel may not modify these dates without leave of court. The parties shall comply with the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

The parties shall meet and confer regarding the format, scope, and content of both the tutorial and the claim construction hearing, including but not limited to the permissible subjects of discussion at each, whether experts will testify, and what audio-visual equipment, if any, will be needed by the parties. They also shall exchange copies of any audio-visual material at least **ten court days** before they intend to use it in court, and shall bring any disputes regarding the format, scope, or content of any tutorial or hearing to the Court's attention at least **five court days** before the tutorial or hearing. The Court will deem as waived any objection raised less than five court days before the tutorial or hearing. The parties shall lodge hard copies of their presentation materials with the Court on the day of the tutorial or claim construction hearing.

The Court will reserve no more than two-and-a-half hours on its calendar for the tutorial, including a brief recess. The tutorial will not be reported by a court reporter. The parties are not

4

1    required to use the entirety of the allotted time.

2        At claim construction, the Court will construe only the terms the parties identify in their
3    Joint Claim Construction and Prehearing Statement as most significant to the resolution of the
4    case up to a maximum of 12 (per case).  See Patent Local Rule 4-3(c) (setting a maximum of ten).
5    The Court will reserve no more than three hours its calendar for the claim construction hearing,
6    including a brief recess.  The Court prefers that the parties proceed term-by-term, with each party
7    providing its views on each term before moving on to the next.  The Court's use of time limits
8    means that the parties may not have the opportunity to present oral argument on every term they
9    have submitted for construction, and the parties should prioritize their presentations accordingly.

10       The parties must take all necessary steps to conduct discovery, compel discovery, hire
11   counsel, retain experts, and manage their calendars so that they can complete discovery in a timely
12   manner and appear on the noticed and scheduled dates.  All counsel must arrange their calendars
13   to accommodate these dates, or arrange to substitute or associate in counsel who can.

14       Pursuant to the ruling made at the November 2, 2017 case management conference,
15   Paragraph 3 of the parties' proposed discovery order, see Case One, ECF No. 114, Exh. C, shall be
16   amended to read as follows:

> Case II Documents: The parties agree that, unless specifically designated by the producing party as for use only in Case II (Case 3:17-cv-04414-JST), any document produced in Case II (Case 3:17-cv-04414-JST) can be used for any purpose in Case I, subject to the parties' protective order in Case I.  This agreement to the cross-use of documents between Case II and this action is not, and shall not be construed to be, an admission by any party that any document is relevant to or admissible into evidence in this action.  The parties expressly reserve any and all evidentiary objections they may have with respect to any document produced in this action or in Case II.  Notwithstanding any prior discovery referral by the Court to a Magistrate Judge, Judge Tigar will resolve any disputes concerning whether a document is appropriately "designated by the producing party as for use only in Case II."  Should such a dispute persist after the parties have worked in good faith to resolve it informally, the parties shall contact the Courtroom Deputy to schedule a telephonic conference with the Court.

/ / /

/ / /

/ / /

1   / / /

2   The parties shall submit a revised proposed discovery order including this language for the
3   Court's signature by December 1, 2017.

4   **IT IS SO ORDERED.**

5   Dated:  November 20, 2017

_____
JON S. TIGAR
United States District Judge