April 2, 2019

**VIA ELECTRONIC FILING**

The Honorable Jon S. Tigar
U.S. District Court Judge, N.D. Cal.
San Francisco Courthouse, Courtroom 9 - 19th Fl.
450 Golden Gate Avenue, San Francisco, CA 94102

Re:  *Symantec Corporation v. Zscaler, Inc*., Case No. 3:17-CV-04414-JST
     Symantec's Objections to the Scope and Content of Zscaler's Claim Constructions

Dear Judge Tigar:

Pursuant to the Court's Scheduling Order (Dkt. 80), Plaintiffs Symantec Corporation and Symantec Limited (together "Symantec") submit the following objections to the scope and content of Zscaler's claim constructions in view of the upcoming April 9, 2019 *Markman* hearing. Dkt. 80 at 4.[1] Specifically, Symantec objects to Zscaler's eleventh-hour abandonment of its proposed constructions and intent to argue new, previously undisclosed constructions at the *Markman* hearing.

Months ago, Zscaler refused to substantively engage in the meet and confer process to discuss potential compromise constructions as required by Patent L.R. 4-1 and 4-2. *See* Dkt. 124 at 3-5 (outlining the history of Zscaler's failure to engage in compromise negotiations). Instead, Zscaler filed an emergency motion to stay claim construction proceedings based on its purported, yet unfounded, fear that Symantec would spring new constructions on Zscaler during the Patent L.R. 4-2 meet-and-confer process (which Symantec did not do). *See* Dkts. 110 & 112.[2] Zscaler argued in those motions that it would be "prejudiced" if Symantec were to "ambush" Zscaler with previously undisclosed constructions prior to the Joint Claim Construction Statement. Dkt. 110 at 2, 9, 14. Now, well after the Joint Claim Construction Statement and only days before the *Markman* hearing, Zscaler provided Symantec with previously undisclosed constructions that

---

[1] On April 1, 2019, the parties met and conferred regarding Symantec's objections but were unable to resolve their dispute.
[2] Zscaler subsequently withdrew its motion (Dkt. 125), but only after the Court denied Zscaler's emergency motion to stay proceedings (Dkt. 122) and Symantec spent time and resources filing responsive briefs. *See* Dkts. 115 & 124.

1

Zscaler intends to argue. Zscaler has thus engaged in the same conduct, only much later in the process, that Zscaler represented to the Court was prejudicial. While Symantec believes that compromises and cooperation at any stage can be helpful, the way Zscaler has approached this process—refusing even to attempt to compromise when required and then doing so only after all discovery and briefing is complete—is highly prejudicial. Symantec is compelled to raise an objection to preserve its rights.

Zscaler's newly disclosed constructions came up in connection with the parties' exchange of slides for the upcoming *Markman* hearing. As part of that exchange, Zscaler proposed that the parties stipulate to constructions for "virtual network," "security policy," and "virtualized network security system" ("VNSS"). *See* Ex. 1 (Email Correspondence Between Symantec and Zscaler). The parties reached agreement for the terms "virtual network" and "security policy." *Id*. The parties did not reach agreement for "VNSS." *Id.* Then, less than two hours before the parties exchanged slides, Zscaler provided Symantec with another new construction, this one for "flow processing facilities" / "flow processors," which Symantec rejected. *Id*. While the parties ultimately resolved Symantec's objections to Zscaler's slides, Zscaler's late disclosure of new constructions prejudices Symantec.[3]

By circumventing the proper claim construction process, Zscaler has avoided subjecting its new constructions to the vetting and discovery contemplated by the local rules, thereby prejudicing Symantec.[4] While Symantec reserves its rights with respect to the claim construction process, it will be prepared to discuss Zscaler's briefed constructions and, if the Court is inclined, Zscaler's new constructions at the *Markman* hearing.

Very truly yours,

/s/ *Kurt M. Pankratz*

Kurt M. Pankratz
*Counsel for Symantec*

---

[3] **Appendix A** summarizes the parties' original constructions and Zscaler's "proposed compromise" constructions for the disputed terms. **Appendix B** summarizes the agreed constructions for "security policy" and "virtual network."

[4] Zscaler's actions have also forced Symantec to waste significant resources litigating constructions that Zscaler had no intention of pursuing.

2

**APPENDIX A**

| Disputed Terms | | |
|---|---|---|
| **Term** | **Symantec's Construction** | **Zscaler's Construction** |
| "Virtualized Network Security System" ("VNSS") | "a network of security devices that are logically separate from the networks they protect" | Original Construction: "system that routes data flows among multiple security application processing resources that are logically separate from the physical hardware and networks"<br><br>"Compromise Construction": "system comprising virtualized security devices that are logically separate from the networks the system protects" |
| "Subscriber Profile Data" | Plain and ordinary meaning;<br><br>If the Court determines that a construction is required: "information associating a subscriber with one or more access control rules, privileges, and/or preferences" | "subscriber policy data, obtained from within the data flow, that identifies security application processes related to a subscriber" |
| "Plurality of Flow Processing Facilities" / "Plurality of Flow Processors" | "two or more devices that receive, process, and transmit a data flow" | Original Construction: "virtualized resource(s) for processing a flow using a set of artificial neurons for pattern recognition, such as a self organizing map"<br><br>"Compromise Construction": "two or more virtualized devices that receive, process, and transmit a data flow" |

3

**APPENDIX B**

| Agreed Terms | |
|---|---|
| **Term** | **Agreed Construction** |
| "virtual network" | "logical connection of sources and sinks of data" |
| "security policy" | "specification of limitation(s) or condition(s) to be applied to a data flow or application" |