

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**David J. Rosen**
(415) 676 2236
drosen@keker.com

April 4, 2019

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Jon S. Tigar
United States District Court for the
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Symantec Corporation v. Zscaler, Inc.,* Case No. 3:17-CV-04414-JST

Dear Judge Tigar:

In response to the Court's order (ECF No. 173), Zscaler writes to clarify its proposed constructions in light of Symantec's objections (ECF No. 172).

Last week, Zscaler proposed compromise constructions for three claim disputed claim terms: "virtualized network security system" ("VNSS"), "virtual network," and "security policy." ECF No. 172-1 at 5.  Symantec agreed to stipulate to the constructions for "virtual network" and "security policy."  Although Symantec did not agree to the proposed compromise construction for "VNSS," it offered a counterproposal that narrowed the issues in dispute.  *Id.* at 4.  Zscaler responded with another proposal for "VNSS" that further narrowed the differences between the competing constructions.  *Id.*

Zscaler then proposed that, in light of the narrowing of the dispute over "VNSS," the parties could similarly narrow their dispute over the related "plurality of flow processors" / "plurality of flow processing facilities" term.  Zscaler proposed a compromise construction that was the same as Symantec's proposed construction, except it maintained the word "virtualized" from Zscaler's original construction.  Zscaler also suggested that the parties inform the Court of the narrowing of the parties' disputes over the "VNSS" and "plurality of flow processors" / "plurality of flow processing facilities" terms.  *Id.* at 2-3.  Symantec refused, choosing instead to object to the process that it had engaged in during the preceding days.

As Symantec informed the Court via its filed objections, Zscaler included its proposed compromise constructions on its claim construction slides.  *See* ECF No. 172-2 at 6, 20 (setting forth both original and compromise constructions).  These compromise constructions adopt as much language as Zscaler could agree to from Symantec's competing constructions in order to highlight and clarify the parties' remaining disputes.  Subject to the Court's direction and

1325688

The Honorable Jon S. Tigar
Re: *Symantec Corporation v. Zscaler, Inc.,*
Case No. 3:17-CV-04414-JST
April 4, 2019
Page 2

interest, Zscaler will be prepared to discuss and argue either the original or the compromise constructions at the claim construction hearing. Neither the parties nor the Court would be well served by Symantec's insistence that Zscaler be prohibited from bridging the gap between the parties' positions or more precisely articulating what the gap is.[1] Accordingly, Symantec's objections should be overruled.

Very truly yours,

KEKER, VAN NEST & PETERS LLP


*/s/ David J. Rosen*

David J. Rosen
*Counsel for Zscaler, Inc.*

DR:dxc

---

[1] Nor is there merit to Symantec's argument about Zscaler's prior motion to compel Symantec's compliance with Patent Local Rule ("PLR") 4-2. That motion involved a very different issue—whether Symantec should have to provide proposed constructions before the parties committed to the terms requiring construction in the JCCS.

1325688