**BAKER BOTTS L.L.P.**
Kurt M. Pankratz (SBN 24013291) (*Pro Hac Vice*)
kurt.pankratz@bakerbotts.com
Chad C. Walters (SBN 24034730) (*Pro Hac Vice*)
chad.walters@bakerbotts.com
James C. Williams (SBN 24075284) (*Pro Hac Vice*)
james.williams@bakerbotts.com
Harrison G. Rich (SBN 24083730) (*Pro Hac Vice*)
harrison.rich@bakerbotts.com
Clarke Stavinoha (SBN 24093198) (*Pro Hac Vice*)
clarke.stavinoha@bakerbotts.com
Morgan Grissum (SBN 24084387) (*Pro Hac Vice*)
morgan.grissum@bakerbotts.com
Bryan D. Parrish (SBN 24089039) (*Pro Hac Vice*)
bryan.parrish@bakerbotts.com
Casey L. Shomaker (SBN 24110359) (*Pro Hac Vice*)
casey.shomaker@bakerbotts.com
2001 Ross Avenue, Suite 700
Dallas, TX 75201
Tel: (214) 953-6500/Fax: (214) 953-6503

Wayne O. Stacy (SBN 341579)
wayne.stacy@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6206/Fax: (415) 291-6306

Attorneys for Plaintiff
SYMANTEC CORPORATION
AND SYMANTEC LIMITED

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest - # 84065
rvannest@keker.com
Leo L. Lam - # 181861
llam@keker.com
Matthew M. Werdegar - # 200470
mwerdegar@keker.com
Michelle Ybarra - # 260697
mybarra@keker.com
Jay Rapaport - # 281964
jrapaport@keker.com
Bailey Heaps - # 295870
bheaps@keker.com
David J. Rosen - # 296139
drosen@keker.com
Katie Lynn Joyce - # 308263
kjoyce@keker.com
Anna Porto - # 319903
aporto@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
ZSCALER, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

| | |
|---|---|
| SYMANTEC CORPORATION and SYMANTEC LIMITED,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>ZSCALER, INC,<br><br>　　　　　Defendant. | Case No. 3:17-CV-04414-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 8, 2019<br>Time: 2:00 PM<br>Courtroom: Courtroom 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

The parties submit this Joint Case Management Statement in anticipation of the Case Management Conference scheduled for May 8, 2019. Dkt. 179. The Court previously held a case scheduling and management conference for both Case No. 3:17-cv-04426-JST ("Case One") and Case No. 3:17-cv-04414-JST ("Case Two") on November 2, 2017. Dkt. 68.

## I. FACTUAL BACKGROUND AND CASE-MANAGEMENT PROPOSALS

### 1. PREVIOUSLY ORDERED DEADLINES

Following the Case Management Conference held in November 2017, the Court issued a scheduling order setting deadlines for Case Two through the claim construction hearing and to address Symantec's assertion of assignor estoppel. Dkt. 80; *see also* Dkts. 108, 130, 132, 156, 166, 168. The following table shows the deadlines that the Court has already ordered:

| Event | Previously Ordered Deadline |
|---|---|
| Symantec's deadline to reduce the number of asserted claims to a maximum of sixteen claims (with no more than five claims per patent) | May 8, 2019 (28 days after claim-construction order) |
| Zscaler's deadline to reduce the number of prior art references to no more than 20 references (with no more than six references per patent) | May 22, 2019 (14 days after Symantec's reduction of asserted claims) |
| Service of Symantec's rebuttal forensic expert declaration | May 24, 2019 |
| Service of Zscaler's reply forensic expert declaration | June 21, 2019 |
| Completion of deposition discovery | July 12, 2019 |
| Zscaler's opening brief for partial summary judgment on assignor estoppel | July 26, 2019 |
| Symantec's opening/opposition brief for partial summary judgment on assignor estoppel | August 16, 2019 |
| Zscaler's opposition/reply brief | August 30, 2019 |
| Symantec's reply brief | September 9, 2019 |
| Hearing on summary judgment regarding assignor estoppel | October 3, 2019 |

## 2.     PARTIES' STATEMENTS REGARDING FUTURE SCHEDULE

The parties have met and conferred and exchanged proposed schedules. Unfortunately, the parties could not come to agreement on key deadlines, including a trial date. Accordingly, the parties offer the following proposed schedules.

### A.     Symantec's Statement

The primary dispute between the parties is when trial should begin. As indicated below, Zscaler has a conflict the last two weeks May 2021. Based on this conflict, Zscaler seeks to push trial into June 2021. This lawsuit was filed on June 22, 2017 and the Court issued its Claim Construction Order on April 10, 2019. Dkts. 1 & 178. The parties' competing proposals are already contemplating trial dates that are nearly four years after the case was filed and two years after the Court's Claim Construction Order. Symantec therefore believes that an April 2021 trial date would accommodate Zscaler's conflict and provide for a more reasonable resolution of this dispute.

Symantec's proposed schedule also takes into consideration the limited stay of proceedings related to the '429 Patent. A final written decision in the '429 IPR proceeding is expected no later than October 17, 2019. Symantec's proposed schedule thus leaves more than six months to finalize fact discovery following the PTAB's final written decision. Symantec's proposed schedule incorporates additional time, more than allocated under the local rules, for summary judgment briefing even when time-off is provided for the holidays. In contrast, Zscaler's proposed schedule introduces unnecessary stretches of deadtime including, for example, more than two months in between the end of expert discovery and opening summary judgment briefing. At bottom, Symantec's proposed schedule accommodates all of Zscaler's concerns and conflicts, while setting an April 2021 trial date.

Finally, Symantec opposes Zscaler's request to not set any additional deadlines for Case Two. Zscaler's request is nothing more than an attempt to further delay Case 2 and oppose discovery. There is no reason the case cannot move forward towards trial, especially in view of the dates proposed by Symantec.

| Event | Symantec's Proposed Schedule |
|---|---|
| Fact discovery cut-off | April 24, 2020 |
| Expert disclosures | August 11, 2020 |
| Expert rebuttal | September 15, 2020 |
| Expert discovery cut-off | October 13, 2020 |
| Opening briefs, dispositive and Daubert motions | November 10, 2020 |
| Opposition briefs, dispositive and Daubert motions | December 18, 2020 |
| Reply briefs, dispositive and Daubert motions | January 13, 2021 |
| Hearing, dispositive and Daubert motions | February 18, 2021 |
| Exchange of exhibits and exhibit list | March 5, 2021 |
| Motions in limine | March 12, 2021 |
| Oppositions to motions in limine | March 19, 2021 |
| Pretrial conference statement | March 24, 2021 |
| Pretrial conference | April 9, 2021 |
| Trial | April 26, 2021 |
| Estimate of trial length (in days) | 10 |

**B.      Zscaler's Statement**

Of the three remaining patents in this case ('429, '446, '540), two are subject to Zscaler's motions to dismiss ('429, '446), and one is subject to a stay pending IPR ('429) except for ongoing proceedings regarding assignor estoppel.  In light of this case status, it may be premature to set additional deadlines beyond resolution of the '429 IPR, Zscaler's motions to dismiss the '429 and '446, and assignor-estoppel proceedings that all remain pending.

Should the Court prefer to enter a schedule through trial for Case Two at this point, however, Zscaler respectfully requests that the Court adopt Zscaler's proposed schedule

1327450

below. As Zscaler informed Symantec during the meet-and-confer for this joint statement, Zscaler proposes trial in June 2021 to avoid client conflicts in late-May 2021.[1]

Especially when compared to the existing schedule for Case 1, Symantec's proposed schedule for Case 2 does not afford sufficient time for expert rebuttal reports, or for dispositive and Daubert motions after the close of expert discovery. Symantec's proposed deadlines for subsequent opposition and reply briefs also overlap significantly with the holidays. Moreover, Symantec proposes only a week between exchanging exhibits and exhibit lists and filing motions in limine. In this complicated multi-patent case, Zscaler submits that the parties can avoid rushing through these pretrial deadlines, particularly when the parties' respectively proposed trial dates differ by less than two months.

| Event | Zscaler's Proposed Schedule |
| --- | :---: |
| Fact discovery cut-off | April 24, 2020 |
| Expert disclosures | August 18, 2020 |
| Expert rebuttal | October 6, 2020 |
| Expert discovery cut-off | November 13, 2020 |
| Opening briefs, dispositive and Daubert motions | January 21, 2021 |
| Opposition briefs, dispositive and Daubert motions | February 11, 2021 |
| Reply briefs, dispositive and Daubert motions | March 1, 2021 |
| Hearing, dispositive and Daubert motions | April 8, 2021 |
| Exchange of exhibits and exhibit list | April 23, 2021 |
| Motions in limine | May 7, 2021 |
| Oppositions to motions in limine | May 14, 2021 |

---

[1] Symantec's characterization of a June 2021 trial date as unreasonably delayed is overblown, as Symantec itself proposed a May 17, 2021 trial date during the meet-and-confer.

1327450

| Pretrial conference statement | May 21, 2021 |
|---|---|
| Pretrial conference | May 28, 2021 |
| Trial | June 14, 2021 or anytime thereafter at the Court's convenience |
| Estimate of trial length (in days) | 10 |

## II.   CONTENTS REQUIRED BY THE STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

Under Civil Local Rule 16-9, the parties address the topics set forth in the Standing Order of All Judges of the Northern District of California as follows.

### 1.  JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over Symantec's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).  There are no parties remaining to be served, and no issues of jurisdiction or venue.

### 2.  PROCEDURAL HISTORY

The parties provide the following relevant procedural history related to pending disputes before the Court:

On June 15, 2018, Zscaler filed a 12(b)(6) motion to dismiss the '658, '488, '429, and '446 Patents as invalid under 35 U.S.C. § 101.  Dkt. 95.  The motion has been fully briefed and a hearing was held on August 30, 2018.  Dkt. 100.  On December 31, 2018, the parties stipulated to dismiss Symantec's claims as to the '658 Patent.  Dkt. 151.  On March 4, 2019, the Court granted the motion as to the '488 Patent, denied the motion as moot as to the '658 Patent, and held the motion in abeyance as to the '429 and '446 Patents pending the Court's ruling on Symantec's assertion of assignor estoppel and the conclusion of *inter partes* review of the '429 Patent.

### 3.  FACTS

A statement of facts is included in the parties Joint Case Management Statement filed October 30, 2017.  *See* Dkt. 73.

### 4.  LEGAL ISSUES

The disputed points of law include the following:

- The proper construction of any disputed patent-claim terms;
- Whether Zscaler's accused products practice each and every claim limitation of the asserted claims of the Case Two Patents under 35 U.S.C. § 271;
- Whether the asserted claims of any of the Case Two Patents are invalid under 35 U.S.C. § 101;
- Whether the asserted claims of the Case Two Patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112;
- Whether Symantec is entitled to, and the amount of, any damages;
- Whether any or all of Symantec's claims are barred or limited by affirmative defenses in law or equity;
- Whether Symantec is entitled to a preliminary or permanent injunction barring Zscaler's further infringement, should Zscaler be found to infringe any asserted claim of any of the Case Two Patents;
- Whether Zscaler is barred from challenging the validity of the '429 and '446 Patents under the doctrine of assignor estoppel;
- Whether Zscaler willfully infringed any of the Case Two Patents;
- Whether Symantec is entitled to, and the amount of any, enhanced damages under 35 U.S.C. § 284;
- Whether Symantec or Zscaler is entitled to a finding that this case is exceptional under 35 U.S.C. § 285;
- Whether Symantec or Zscaler is entitled to, and the amount of any, attorneys' fees under 35 U.S.C. § 285.

The parties reserve the right to revise or supplement this list.

**5.     MOTIONS**

The only pending motion before the Court is Zscaler's 12(b)(6) motion to dismiss the '429 Patent and the '446 Patent.  Dkts. 95, 169.

The following is a list of prior and pending motions, as well as their status:

- Zscaler filed a motion to transfer this case from the District of Delaware to the Northern District of California, which the court granted. Dkt. 26.
- Zscaler filed a 12(b)(6) motion to dismiss the '658 Patent, the '488 Patent, the '429 Patent, and the '446 Patent as invalid under 35 U.S.C. § 101. Dkt. 16. Zscaler's motion was vacated when Symantec filed its First Amended Complaint. Dkt. 85.
- Zscaler filed a motion to relate Case One with Case Two, which the Court granted. Dkt. 50.
- Zscaler filed a motion to Stay Case Two pending the resolution of Case One (Dkt. 59), which the Court denied. Dkt. 80.
- After Symantec filed its First Amended Complaint, Zscaler filed a 12(b)(6) motion to dismiss the '658 Patent, the '488 Patent, the '429 Patent, and the '446 Patent as invalid under 35 U.S.C. § 101. Dkt. 95. The Court granted the motion as to the '488 Patent, denied the motion as moot as to the '658 Patent, and held the motion in abeyance as to the '429 and '446 Patents pending the Court's ruling on Symantec's assertion of assignor estoppel and the conclusion of *inter partes* review of the '429 Patent. Dkt. 169.
- Zscaler filed a motion for an order requiring Symantec to comply with Patent Local Rule 4-2 regarding proposed claim constructions and supporting evidence. Dkt. 110. Zscaler also filed a corresponding emergency administrative motion for relief from the scheduling order. Dkt. 112. On October 12, 2018, the Court denied Zscaler's emergency administrative motion. Dkt. 122. On October 19, 2018, Zscaler withdrew its motion for an order requiring compliance with with Patent Local Rule 4-2. Dkt. 125.
- Zscaler filed a motion to stay proceedings on the '429 Patent pending IPR. Dkt. 129. Zscaler withdrew the motion on November 21, 2018. Dkt. 137.
- Zscaler filed a motion to stay the case pending IPR of the '658 Patent, the '249 Patent, the '429 Patent, and the '696 Patent. Dkt. 138. On December 12, 2018, the parties filed a joint stipulation requesting to dismiss with prejudice Symantec's

claims as to the '658 Patent, the '249 Patent, and the '696 Patent (Dkt. 148), which the Court granted. Dkt. 151. On December 14, 2018, Symantec and Zscaler filed a joint stipulation requesting a stay of non-assignor estoppel-related proceedings for the '429 Patent pending *inter partes* review (Dkt. 152), which the Court granted. Dkt. 154. On December 14, 2018, Zscaler withdrew the motion to stay the case. Dkt. 153.

As to future motions in general, Symantec may file discovery motions, summary judgment motions, *Daubert* motions, pretrial, trial, and post-trial motions, and motions for injunctive relief.

Similarly, Zscaler may file motions regarding discovery disputes; motions for summary judgment of non-infringement, invalidity, and unenforceability as to all asserted patents; *Daubert* motions; and pre-trial, trial, and post-trial motions.

### 6. AMENDMENT OF PLEADINGS

#### A. Symantec's Statement

Symantec may seek to amend its Complaints to add additional claims of willful infringement as discovery progresses. Symantec may also amend its Complaints if information is discovered that gives rise to additional claims.

#### B. Zscaler's Statement

Zscaler has not yet filed its answer.

### 7. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred under Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in these cases.

### 8. DISCLOSURES

The parties have fully and timely complied with the requirements of Fed. R. Civ. P. 26.

**9.     DISCOVERY**

    **A.     Discovery Taken To Date**

The parties have each served written discovery requests. To date, Symantec has served 15 interrogatories, 126 requests for production, and 11 requests for admission. Zscaler has served 27 interrogatories and 114 requests for production.

The parties have also produced documents. Symantec to date has produced 93,452 documents and emails across both Case One and Case Two; Zscaler has produced 138,074 documents and emails across both Case One and Case Two.

The parties have exchanged the following contentions:

- Symantec served Infringement Contentions under Northern District of California Patent L.R. 3-1 and 3-2 on June 15, 2018.
- Zscaler served Invalidity Contentions under Northern District of California Patent L.R. 3-3 and 3-4 on August 13, 2018.
- Symantec served its Damages Contentions under Northern District of California Patent L.R. 3-8 on September 25, 2018.
- Zscaler served its Responsive Damages Contentions under Northern District of California Patent L.R. 3-9 on November 5, 2018.

Zscaler has served approximately 3 third-party subpoenas for documents and/or deposition testimony.

Symantec has served a Fed. R. Civ. P. 30(b)(6) deposition notice to Zscaler.

Symantec has taken 2 depositions, one from each of Zscaler's claim construction experts.

Zscaler has taken 1 deposition of Symantec's claim construction expert.

    **B.     Scope of Anticipated Discovery**

The parties anticipate that the scope of discovery will include (a) technical information regarding the accused Zscaler Cloud Security Platform; (b) information concerning the conception and diligence in reduction to practice of the inventions claimed in the Asserted Patents; (c) information relating to claim construction; (d) financial information related to the accused Cloud Security Platform; (e) licensing information relevant to the hypothetical

negotiation between the parties; (f) information related to competition between Symantec and Zscaler; (g) information related to Symantec's claim of assignor estoppel; (h) technical information regarding Symantec's practicing products; (i) technical information related to prior art to the patents-in-suit; and (j) discovery regarding sales, marketing, and financial information regarding Symantec's alleged lost profits products.  The parties also anticipate expert discovery regarding liability, validity, damages, and allegedly practicing products.

### C. Proposed Discovery Plan

This Court entered an Order Regarding Discovery, Including Discovery of ESI.  Dkt. 74. The Court entered a Protective Order in Case Two.  Dkt. 75.

### D. Discovery Disputes

The Court has referred all discovery disputes in Case One to Magistrate Judge Hixson. Case One, Dkts. 111, 231.  The Court has not yet entered any order referring discovery disputes in Case Two to Magistrate Judge Hixson.

The parties have been meeting and conferring throughout the case to address various discovery disputes and expect to continue that process.  The parties may raise certain discovery disputes if they cannot resolve the disputes during the meet and confer process.

## 10. CLASS ACTIONS

These cases are not class action.

## 11. RELATED CASES

The Court has determined that Case One and Case Two are related.  Dkt. 50.  As for IPR petitions, there are no pending IPRs in Case One, and two pending IPRs for the '429 Patent in Case Two.  The two pending IPRs in Case Two are as follows:

- Zscaler, Inc. v. Symantec Corp., Case IPR 2018-00912, filed on April 10, 2018 (related to the '429 Patent).  On October 17, 2018, the PTAB instituted *inter partes* review for all challenged claims.

- Zscaler, Inc. v. Symantec Corp., Case IPR 2018-00913, filed on April 10, 2018 (related to the '429 Patent).  On October 17, 2018, the PTAB instituted *inter partes* review for all challenged claims.

**12.   RELIEF**

   **A.   Symantec's Statement**

Symantec seeks the following relief:

- A judgment in each respective case that Zscaler has infringed, directly or indirectly, one or more claims of the Case Two Patents;
- A judgment that Zscaler's infringement of the Case Two Patents has been willful, including an increase in damages to be awarded to Symantec of three times the amount found by the jury or the Court;
- A judgment that Zscaler pay Symantec damages under 35 U.S.C. § 284, including pre- and post-judgment interests and costs;
- A judgment and order preliminarily or permanently enjoining Zscaler and its officers, agents, servants, employees, representatives, and all others acting in concert or participation with them from further acts of infringement of the Case Two Patents;
- A judgment finding that Case Two is exceptional under 35 U.S.C. § 285 and an award of Symantec's attorney's fees; and
- Any further relief that the Court deems just and proper.

Symantec's damages in each case will be based on a reasonable royalty rate, lost profits, or a hybrid model that includes a reasonable royalty rate and lost profits.  To the extent that Symantec's model is based on a reasonable royalty rate, Symantec's rate will likely be calculated based on the *Georgia-Pacific* factors, while lost profits will likely be calculated through tests like the *Panduit* factors.  For the asserted method claims, Symantec anticipates that past damages will at least date back to the issuance of the Case Two Patents and may extend up to a maximum of six years before the filing of the Complaint.  If not enjoined, future damages will extend through the last to expire patent.

   **B.   Zscaler's Statement**

Zscaler seeks a judgment that it does not infringe any of the asserted claims of the Asserted Patents, and that the asserted claims of those patents are invalid and/or unenforceable. Symantec should be denied the relief sought in its operative Complaint, and Zscaler should be

1  awarded its reasonable costs and expenses of litigation, including attorneys' fees and expert
2  witness fees, pursuant to 35 U.S.C. § 285.

### 13. SETTLEMENT AND ADR

The parties have met and conferred and have agreed to private mediation. Dkt. 66.

### 14. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 15. OTHER REFERENCES

These cases are not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 16. NARROWING OF ISSUES

The parties' respective positions concerning narrowing the issues are set forth in Section I, above. Additionally, the parties will attempt to reach agreement on other matters that will expedite the presentation of evidence at trial, including stipulations of fact, and the authenticity and admissibility of documents.

### 17. EXPEDITED TRIAL PROCEDURE

The parties agree that the Expedited Trial Procedure of General Order No. 64 should not apply here.

### 18. TRIAL

Symantec has made a jury demand for Case Two. The parties expect that trial will last 10 court days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**A.    Symantec's Statement**

Symantec filed its Certification of Interested Entities or Persons in both cases. Dkt. 58. The text of Symantec Corporation's and Symantec Limited's filing is as follows:

> Under Civil Local Rule 3-15, Plaintiffs Symantec Corporation and Symantec Ltd. hereby certify that no persons, associations of persons, firms, partnerships, corporations (including parent

corporations) or other entities other than the parties themselves (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

### B. Zscaler's Statement

Zscaler has filed its Certification of Interested Entities or Persons. Dkt. 60. Zscaler certifies that, other than the named parties, there is no person, association of persons, firm, partnership, corporation (including parent corporation) or other entity other than the parties themselves that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

### 20. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. OTHER

The parties are currently unaware of other issues that may facilitate the just, speedy, and inexpensive disposition of this case.

Dated:  May 1, 2019

| BAKER BOTTS L.L.P. | KEKER, VAN NEST & PETERS LLP |
|---|---|
| */s/ Kurt M. Pankratz* | */s/ Leo L. Lam* |
| Kurt M. Pankratz (SBN 24013291) (*Pro Hac Vice*) | Robert A. Van Nest - # 84065 |
| kurt.pankratz@bakerbotts.com | rvannest@keker.com |
| Chad C. Walters (SBN 24034730) (*Pro Hac Vice*) | Leo L. Lam - # 181861 |
| chad.walters@bakerbotts.com | llam@keker.com |
| James Williams (SBN 24075284) (*Pro Hac Vice*) | Matthew M. Werdegar - # 200470 |
| james.williams@bakerbotts.com | mwerdegar@keker.com |
| Harrison Rich (SBN 24083730) (*Pro Hac Vice*) | Michelle Ybarra - # 260697 |
| harrison.rich@bakerbotts.com | mybarra@keker.com |
| Clarke Stavinoha (SBN 24093198) *(Pro Hac Vice)* | Jay Rapaport - # 281964 |
| clarke.stavinoha@bakerbotts.com | jrapaport@keker.com |
| Morgan Grissum (SBN 24084387) (*Pro Hac Vice*) | Bailey Heaps - # 295870 |
| morgan.grissum@bakerbotts.com | bheaps@keker.com |
| Bryan D. Parrish (SBN 24089039) (*Pro Hac Vice*) | David J. Rosen - # 296139 |
| bryan.parrish@bakerbotts.com | drosen@keker.com |
| Casey L. Shomaker (SBN 24110359) (*Pro Hac Vice*) | Katie Lynn Joyce - # 308263 |
| casey.shomaker@bakerbotts.com | kjoyce@keker.com |
| 2001 Ross Avenue, Suite 900 | Anna Porto - # 319903 |
| Dallas, TX 75201 | aporto@keker.com |
| Tel: (214) 953-6500/Fax: (214) 953-6503 | 633 Battery Street |
|  | San Francisco, CA 94111-1809 |
|  | Telephone: 415 391 5400 |
|  | Facsimile: 415 397 7188 |
|  |  |
|  | Attorneys for Defendant |
|  | ZSCALER, INC. |

Wayne O. Stacy (SBN 341579)
wayne.stacy@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6206/Fax: (415) 291-6306

Attorneys for Plaintiffs
SYMANTEC CORPORATION AND
SYMANTEC LIMITED