KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
LEO L. LAM - # 181861
llam@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
MICHELLE YBARRA - # 260697
mybarra@keker.com
JAY RAPAPORT - # 281964
jrapaport@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
DAVID J. ROSEN - # 296139
drosen@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com
ANNA PORTO - #319903
aporto@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendant
ZSCALER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION and SYMANTEC LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Defendant. | Case No. 3:17-cv-04414-JST<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR PERSONAL COMPUTING DEVICES**<br><br>Judge:    Honorable Jon S. Tigar<br><br>Date Filed: June 22, 2017<br>Trial Date: Not set |

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR
PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911

Plaintiffs Symantec Corp. and Symantec Ltd. ("Symantec"), Defendant Zscaler, Inc. ("Zscaler"), and Lee Dolsen ("Dolsen") stipulate to the following inspection protocol for forensic images of Dolsen's personal computing devices:

1. Zscaler shall provide to Symantec's consultant fully intact copies of the forensic images corresponding to evidence identifiers A00333-1-GB1-E015, A00333-1-GB1-E013, and A00333-1-GB 1-E002 (collectively, the "Digital Media"), so that Symantec's consultant may perform an inspection and analysis of the Digital Media for purposes of preparing a rebuttal forensic expert declaration, as set forth in the Stipulated Request and Order Extending and Adding Deadlines for Assignor Estoppel Discovery (ECF No. 168).

2. Symantec's consultant must be a "Qualified Consultant" or "Qualified Expert" as defined in § 8(a) of the Protective Order (ECF No. 75). After Symantec proposes a consultant to be a Qualified Consultant or Qualified Expert, Zscaler shall have the right to object under the procedures and within the timeframe set forth in § 8(b) of the Stipulated Protective Order. Zscaler will provide the Digital Media to Symantec's consultant within two (2) business days of the expiration of Zscaler's deadline to object or move to bar disclosure of the Digital Media or, if Zscaler so moves, within two (2) business days of an order overruling Zscaler's objections.

3. Symantec's consultant shall maintain the Digital Media in a secure facility operated by Symantec's consultant and, except as directed otherwise by joint stipulation of the parties to this Stipulation or order of the Court, shall retain custody of the Digital Media until this case has come to an end (i.e., after this case has been dismissed and after all appeals have been exhausted, assuming there are any appeals). Symantec's consultant shall treat the Digital Media as Zscaler's and Dolsen's "Protected Material" under the Stipulated Protective Order (ECF No. 75), except as provided for herein. Symantec's consultant shall not disclose or permit any disclosure of the contents of the Digital Media to anyone, including the parties to this Stipulation and their attorneys or agents-directly or indirectly, except as provided for herein.

4. Symantec's consultant specifically acknowledges and agrees—both on his or her own behalf and on behalf of any employee of Symantec's consultant that is engaged in the device inspection process set forth herein—to be bound by the terms of both this Stipulation and the

1
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR
PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911

Stipulated Protective Order (ECF No. 75). Symantec's consultant shall be given a copy of the Stipulated Protective Order. Further, Symantec's consultant shall be given a copy of this Stipulation and shall sign a certification in the form of **Exhibit A** attached hereto. Such signed and completed certification shall be provided to counsel for Zscaler and Dolsen.

5. Other than as specified in this agreement, neither Zscaler nor Dolsen, nor anyone working on their behalf, shall have any control over the analysis performed. The parties to this Stipulation and their counsel shall not have the right to be present during such analysis.

6. This stipulation will not affect Symantec's right to seek document discovery under Federal Rule of Civil Procedure 34.

7. Symantec's consultant will limit its analysis of the Digital Media to searching for the following information:

    a. Documents authored by Blue Coat Systems, Inc., which shall be defined as documents that are marked, stamped, or otherwise labeled with the logo of Blue Coat Systems or the phrases "Blue Coat Copyright, "Blue Coat Trademark," "Blue Coat Internal Use Only," Blue Coat Official Channel Partner Use Only," "Blue Coat Property," or other substantially similar phrases;

    b. Emails sent from or received by "lee.dolsen@bluecoat.com," "lee.dolsen@gmail.com," and "ldolse@yahoo.com" after February 1, 2012 and referring to "Blue Coat," "BlueCoat," "BC," or "Dropbox";

    c. Files and metadata related to files that are or have been stored in a Dropbox application or client installed on the Digital Media; and

    d. Internet search history information related to URLs containing the term "Dropbox."

8. From the date that Symantec's consultant receives the Digital Media, Symantec's consultant shall have ten (10) days to conduct its inspection. Should Symantec need more time to review the Digital Media, Zscaler will be provided with reasonable notification of that need, and the parties to this Stipulation will meet and confer to discuss that need and whether additional time will be granted. Any additional time granted for Symantec's consultant's inspection will be

2
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR
PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911

provided in kind for Zscaler's and Dolsen's review. Neither a request for nor an agreement to provide additional time for Symantec's consultant to conduct an inspection shall itself be good cause for extension of any case deadlines.

9. To the extent necessary for Symantec's consultant to identify the material described in paragraph 7, Symantec may propose search terms for Symantec's consultant to apply to text-searchable data in the Digital Media. Consistent with the Order Regarding Discovery, Including Discovery of Electronically Stored Information (ECF No. 74), "[f]ocused terms, rather than over-broad terms" shall be employed. Following receipt of Symantec's proposed search terms, Zscaler and Dolsen shall each have two (2) days in which to object to Symantec's expert providing Symantec hit counts for any proposed search terms. Absent objection, Symantec's consultant may provide hit count reports to the parties to this Stipulation. In the event of any objection, the parties to this Stipulation shall meet and confer in good faith on modifications to the proposed terms. If the parties are unable to resolve the disagreement, Symantec may seek the Court's assistance in resolving the matter.

10. Any information or materials derived by Symantec's consultant from its inspection and analysis of the Digital Media that it wishes to provide to counsel for Symantec in order for such information or materials to be used as discovery materials in this litigation shall be subject to the following procedures:

    a. As used herein, "Findings" shall mean any information or materials derived by Symantec's consultant from its analysis of the Digital Media that Symantec's consultant wishes to convey to counsel for Symantec for purposes of review, or that Symantec's consultant wishes to rely on for its own conclusion.

    b. So that Zscaler and Dolsen may identify material that is privileged, work product, not relevant to this case, not within the scope of paragraph 7, or otherwise protected against disclosure to Symantec or Symantec's counsel, if any exists, and to facilitate Zscaler's and Dolsen's ability to prepare a privilege log and/or appropriately designate documents as "Protected Material" under Stipulated Protective Order in this matter (ECF No. 75), the Findings shall be produced to counsel for Zscaler and Dolsen for review ten (10) days after initiation of the

3
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR
PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911

inspection. Within ten (10) days of receiving the Findings from Symantec's consultant, counsel for Zscaler and Dolsen shall produce to Symantec's consultant and counsel for Symantec a privilege log which complies fully with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), identifying those Findings that Zscaler and/or Dolsen maintain(s) are subject to the attorney-client privilege or work product doctrine, are not relevant to this case, not within the scope of paragraph 7, or are otherwise not subject to disclosure. Should Zscaler or Dolsen need more time to review the Findings, Symantec will be provided with reasonable notification of that need, and the parties to this Stipulation will meet and confer to discuss that need and whether additional time will be granted. As stated above, any additional time granted for Symantec's consultant's inspection will be provided in kind for Zscaler's and Dolsen's review.

        c.        After Zscaler and Dolsen have reviewed the Findings, Symantec's consultant may provide to counsel for Symantec all Findings which are not designated by Zscaler or Dolsen as privileged, work product, not relevant to this case, not within the scope of paragraph 7, or otherwise protected against disclosure to Symantec or Symantec's counsel within the ten (10) day period, or such other term as agreed under paragraphs 8 and 10(b) above.

        d.        Within five (5) business days of receiving the log(s), Symantec shall notify Zscaler and Dolsen of any challenges to their privilege, work product, relevance, or scope assertions, after which the parties to any dispute shall jointly and immediately request an *in camera* hearing with the Court to resolve the dispute(s). While the dispute is pending, none of the disputed Findings will be provided to Symantec.

        e.        The deadlines set forth in paragraphs 10(b), 10(c), and 10(d) may be extended by agreement of the parties to a dispute over privilege, work product, personal, or scope assertions or, if the parties to a dispute are unable to reach agreement after meeting and conferring, any party to such a dispute may seek relief from the Court.

        f.        Prior to disclosure of the Findings to Symantec's attorneys, Zscaler's or Dolsen's attorneys may designate the Findings, where appropriate, as "Protected Material" as provided by the Stipulated Protective Order (ECF No. 75).

4
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911

11. The parties to this Stipulation agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege, work product protection, or any other protection against disclosure, or any rights to claw back or to confidentiality under the Stipulated Protective Order (ECF No. 75) or otherwise, with respect to (a) the Findings on the Digital Media, or (b) the conduct, notes, searches, search terms, communications, or any other act performed by any consultant or attorney in connection with the Digital Media.   In addition, the fact that Symantec's consultant has been permitted to view, copy, export, summarize, take notes of, or otherwise access any particular material contained on the Digital Media shall not give rise to any inference that such material constitutes relevant discovery in this litigation or that such material is not privileged, work product, or otherwise protected from disclosure.

12. Employees of Symantec's consultant that are engaged in the device inspection process set forth herein shall not communicate with any employee of Symantec's consultant not engaged in the device inspection process regarding the content of any Findings prior to their disclosure to Symantec's counsel pursuant to this Stipulation, and shall not reveal or discuss with anyone (including any employee of Symantec's consultant not engaged in the device inspection process or any counsel for Symantec), at any time, the content of any Findings designated by Zscaler or Dolsen as privileged or otherwise protected from disclosure, unless and until such Findings are subsequently determined to be subject to disclosure pursuant to this Stipulation, either by agreement of the parties to this Stipulation or by order of the Court.  Further, any employee of Symantec's consultant who was engaged in the device inspection process shall not reveal or discuss with anyone (including any other employee of Symantec's consultant or any counsel for Symantec) any content of the Digital Media that (1) falls outside the scope of the inspection as described in paragraph 1; or (2) falls outside of the Findings provided to Zscaler's and Dolsen's counsel for review.

13. The production of Findings pursuant to this Stipulation, including the withdrawal of objections to production of Findings, shall not give rise to any inference that such material is relevant to any issue in this action, including the issue of assignor estoppel.

1327911

14. At the end of the litigation, or when otherwise directed to do so by the parties to this Stipulation or the Court, Symantec's consultant will certify under penalty of perjury that it has complied with the agreed-upon protocol, that it has maintained and will continue to maintain the strict confidentiality of any data on the Digital Media and that all Digital Media has been returned or destroyed.

15. This Stipulation may be executed through multiple counterparts, each of which shall be deemed an original. Facsimile and e-mail signed copies shall be deemed the equivalent of original signed documents.

Dated: May 10, 2019　　　　　　　　　　　　BAKER BOTTS LLP

By: */s/ James Williams*
KURT M. PANKRATZ
CHAD C. WALTERS
JAMES WILLIAMS
HARRISON RICH
MORGAN E. GRISSUM
CASEY L. SHOMAKER
WAYNE O. STACY
JENNIFER C. TEMPESTA

Attorneys for Plaintiffs
SYMANTEC CORP. AND SYMANTEC LTD.

Dated: May 10, 2019　　　　　　　　　　　　KEKER, VAN NEST & PETERS LLP

By: */s/ Jay Rapaport*
ROBERT A. VAN NEST
LEO L. LAM
MATTHEW M. WERDEGAR
MICHELLE YBARRA
JAY RAPAPORT
BAILEY W. HEAPS
DAVID J. ROSEN
KATIE LYNN JOYCE
ANNA PORTO

Attorneys for Defendant
ZSCALER, INC.

6
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911

| | |
|---|---|
| Dated: May 10, 2019 | LEWIS & LLEWELLYN LLP |
| | By: */s/ Evangeline Burbidge* <br> EVANGELINE BURBIDGE |
| | Attorneys for LEE DOLSEN |

## ATTESTATION

I certify under Civil Local Rule 5-1(i)(3) that all signatories to this document concur in its filing.

| | |
|---|---|
| Dated: May 10, 2019 | */s/ Jay Rapaport* <br> JAY RAPAPORT |

## [PROPOSED] ORDER

DATED: May 10, 2019

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

7
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR
PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911

**Exhibit A**

I, _____, acknowledge and declare that I have received a copy of the Joint Stipulation and Order Regarding Inspection Protocol for Personal Computing Devices ("Stipulation") in *Symantec Corp. v. Zscaler, Inc.*, Case No. 3:17-CV-04414-JST in the United States District Court for the Northern District of California. Having read and understood the terms of the Stipulation, I agree to be bound by the terms of the Stipulation and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Stipulation.

Name of individual: _____

Present occupation/job description: _____

_____

Name of Company or firm: _____

Address: _____

Dated: _____

_____
Signature

8
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING INSPECTION PROTOCOL FOR
PERSONAL COMPUTING DEVICES
Case No. 3:17-cv-04414-JST

1327911