UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION, et al.,<br>Plaintiffs,<br>v.<br>ZSCALER, INC.,<br>Defendant. | Case No. 17-cv-04414-JST<br><br>Re: ECF No. 203 |

Plaintiff Symantec Corporation moves to file under seal portions of its Notice of Motion and Motion for Relief Due to Zscaler's Violation of Rule 37(e) ("Motion"), portions of Exhibits H and I, and the entirety of Exhibits A, B, C, L, Q, and T. ECF No. 203. The Court will grant in part and deny in part Symantec's motion.

## I. LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a

document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal citations omitted).

"'[C]ompelling reasons' exist when 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598). The *Nixon* Court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying *Kamakana* and *Nixon*, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569. The Federal Circuit has similarly concluded that under Ninth Circuit law, detailed product-specific financial information, customer information, and internal reports are appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to

seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

## II. DISCUSSION

Symantec moves to file under seal portions of its Motion and portions of Exhibit H and I. The highlighted portions of the Motion and exhibits contain highly sensitive and confidential business information, which would put Symantec at a competitive disadvantage. ECF No. 203 at 3. Compelling reasons exist to seal the redacted portions of the Motion, and this request is narrowly tailored. *See In re Elec. Arts*, 298 F. App'x at 569. Therefore, the Court grants the motion to file portions of Symantec's Motion and Exhibits H and I under seal.

Symantec also moves to seal the entirety of Exhibits A, B, C, L, Q, and T, which consist of nearly 100 pages of deposition excerpts and declarations. Because some of the proffered material appears not to be privileged, protectable as a trade secret, or otherwise entitled to protection under the law, however, the Court cannot conclude the request is narrowly tailored. *See* Civil L.R. 79-5(b); *see also, e.g.,* ECF No. 203-5 at 12 (containing colloquy between counsel about whether a document had been previously produced). The Court accordingly denies the motion to file the entirety of Exhibits A, B, C, L, Q, and T under seal.

In its opposition, Zscaler requests to seal portions of Exhibits B and T to Symantec's Motion. The Court finds that compelling reasons exist for sealing the identified portions of this document. *See In re Elec. Arts*, 298 F. App'x at 569. The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(b).

## CONCLUSION

The Court grants in part and denies in part Symantec's motion to file under seal.

For Symantec's Motion, the "document filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion." Civil L.R. 79-5(f)(1).

For Exhibits A, C, L, and Q, the documents will not be considered by the Court unless the Symantec files them in the public record within seven days from the date of this Order.

Symantec shall file the redacted form of Exhibits B and T, ECF Nos. 207-2, 207-3, within seven days. Civil L.R. 79-5(f)(3).

The briefing schedule on the underlying motion shall remain as originally set.

**IT IS SO ORDERED.**

Dated: September 6, 2019

JON S. TIGAR
United States District Judge