UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZSCALER, INC.,<br><br>    Defendant. | Case No. 17-cv-04414-JST  (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 213 |

    The parties have filed a joint discovery letter brief at ECF No. 213, in which Symantec seeks a court order compelling Zscaler to produce certain JIRA and Bugzilla records pursuant to Symantec's Request for Production No. 2.  In the second paragraph of its portion of the letter brief, Symantec states that "[t]hese records are relevant to many issues in this case, including assignor estoppel, willfulness, validity, and damages."  And that's the last time we hear about willfulness, validity, damages, or any other issue except for assignor estoppel.  All of Symantec's actual arguments for why these records are relevant pertain to assignor estoppel.  This is a problem because discovery about assignor estoppel is supposed to be over.

    About a year ago, the Court entered an amended scheduling order setting case deadlines for assignor estoppel discovery.  ECF No. 108.  One of those deadlines was an October 26, 2018 deadline for the "[c]ompletion of production responsive to assignor estoppel related discovery requests and service of privilege logs related to assignor estoppel discovery."  This was followed by a November 9, 2018 deadline for "[s]ervice of limited follow-on assignor estoppel related discovery requests, including the identification of no more than one additional custodian and additional search terms, subject to the custodian and search term limits set forth in ESI order, ECF No. 74."  Then there was a January 11, 2019 deadline to complete depositions, followed by a

1  briefing schedule on a summary judgment motion on assignor estoppel.  It is technically true that
2  no item on that list stated that it was the "close of fact discovery concerning assignor estoppel,"
3  which would trigger the seven-day deadline to move to compel under Civil Local Rule 37-3.  But
4  in context, the January 11, 2019 deadline to complete depositions looks like the discovery cut-off.
5  ECF No. 108 set forth a series of sequential deadlines to propound assignor estoppel discovery
6  requests, to work out search terms and custodians, to substantially complete document production,
7  to serve limited follow-on discovery, to take depositions, and then to brief the issue on the merits.
8  It looks like a comprehensive effort to *first* take discovery *and then* brief the issue on summary
9  judgment.

10  ECF No. 108 has been modified several times.  *See* ECF Nos. 132, 156, 166, 168, 189.
11  These amendments kept the same basic structure, with a few modifications and additions of
12  specific events (such as expert reports), and moved deadlines later.  The operative schedule "for
13  completing assignor estoppel discovery and summary judgment briefing" is ECF No. 189.  It still
14  looks like the close of fact discovery on assignor estoppel is the deadline to complete depositions,
15  which was revised to August 2, 2019.  After all, in ECF No. 189 the parties stipulated and the
16  Court ordered that these were "the deadlines for *completing* assignor estoppel discovery,"
17  (emphasis added), and the last discovery event listed was the August 2 completion of deposition
18  discovery.  For that matter, ECF Nos. 132, 156, and 168 also stated that they were setting forth
19  revised "deadlines for *completing* assignor estoppel discovery" (emphasis added).  Thus, for the
20  past year the parties have been negotiating the deadlines to *complete* discovery on this subject, not
21  just to do most of it, with maybe some follow up after the summary judgment briefs get filed.
22  This is significant because when the deadline to complete discovery passes, Civil Local Rule 37-3
23  gives the parties seven days after that deadline to move to compel.  Once those seven days expire,
24  motions to compel are untimely.

25  All those assignor estoppel discovery deadlines have now passed, and by more than seven
26  days before this letter brief was filed.  Indeed, as of the date of this order, Zscaler's motion for
27  summary judgment has been filed, Symantec's cross-motion has been filed, Zscaler's reply has
28  been filed, and the only brief left outstanding is Symantec's reply, which is due in four days.

1    This discovery letter brief is too late.  The Court cannot overlook a year's worth of stipulated orders setting forth the deadlines for "completing" assignor estoppel discovery.  Nor can the Court overlook that in every one of those orders, the last discovery event provided for – and thus the one that would complete assignor estoppel discovery – was the completion of depositions.  Given this background and the clear intent to finish both fact and expert discovery on assignor estoppel before summary judgment briefing began, the Court construes the August 2, 2019 deadline to complete depositions in ECF No. 189 as the cut-off for assignor estoppel discovery.  Accordingly, this letter brief filed on August 30, 2019 is **DENIED** because it is an untimely motion to compel under Civil Local Rule 37-3.[1]

**IT IS SO ORDERED.**

Dated: September 26, 2019

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] This order is without prejudice to Symantec's seeking JIRA or Bugzilla records for issues other than assignor estoppel.

3