**BAKER BOTTS L.L.P.**
Kurt M. Pankratz (SBN 24013291) (*Pro Hac Vice*)
kurt.pankratz@bakerbotts.com
Chad C. Walters (SBN 24034730) (*Pro Hac Vice*)
chad.walters@bakerbotts.com
James Williams (SBN 24075284) (*Pro Hac Vice*)
james.williams@bakerbotts.com
Harrison Rich (SBN 24083730) (*Pro Hac Vice*)
harrison.rich@bakerbotts.com
Clarke Stavinoha (SBN 24093198) (*Pro Hac Vice*)
clarke.stavinoha@bakerbotts.com
Morgan Grissum (SBN 24084387) (*Pro Hac Vice*)
morgan.grissum@bakerbotts.com
Bryan Parrish (SBN 24089039) (*Pro Hac Vice*)
bryan.parrish@bakerbotts.com
Casey L. Shomaker (SBN 24110359) (*Pro Hac Vice*)
casey.shomaker@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Tel: (214) 953-6500
Fax: (214) 953-6503

Wayne O. Stacy (SBN 341579)
wayne.stacy@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6206
Fax: (415) 291-6306

Attorneys for Plaintiffs
SYMANTEC CORPORATION and
SYMANTEC LIMITED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND**

| | |
|---|---|
| SYMANTEC CORPORATION, and SYMANTEC LIMITED<br><br>Plaintiffs,<br><br>vs.<br><br>ZSCALER, INC.,<br><br>Defendant. | Case No. 4:17-CV-04414-JST<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 25(C) TO JOIN NEW PATENT OWNER CA, INC. AS A PLAINTIFF**<br><br>The Honorable Jon S. Tigar<br><br>Date Filed: June 22, 2017<br>Trial Date: June 14, 2021 |

## I. INTRODUCTION

Symantec Corporation and Symantec Limited (collectively, "Symantec" or "Plaintiffs") request that the Court join new patent owner CA as a co-plaintiff under Federal Rule of Civil Procedure 25(c). In opposition, Zscaler argues that the Court should substitute CA in place of Symantec or otherwise require Symantec Corporation to appear in the case as NortonLifeLock, Inc. Each of Zscaler's arguments should be rejected.

First, Zscaler contends that the Court should deny joinder and instead order substitution of CA. Yet, Zscaler has not identified a single case denying the requested relief of joinder, let alone ordering substitution over joinder. Moreover, Zscaler's primary basis for opposing joinder—that joinder is only proper where an original party retains an interest, and Symantec did not retain an interest in the asserted patents—directly conflicts with Rule 25(c). That rule explicitly contemplates joinder of a transferee with an original party where, as here, the original party transferred full interest in the action. Indeed, as explained in Symantec's motion, this District has frequently denied substitution and, instead, ordered joinder of a transferee with an original party after a patent transfer.

Second, Zscaler argues that if the Court allows Symantec to remain in the case, then Symantec Corporation should be required to amend the pleadings to reflect its new name—NortonLifeLock, Inc. As an initial matter, unlike the Western District of Washington case upon which Zscaler relies, Zscaler has not moved to amend the case caption. Regardless, at this stage of litigation, changing Symantec Corporation's name to NortonLifeLock would result in nothing more than jury confusion. This is particularly true given that Symantec Limited—a plaintiff in this action—still operates under the same name; it did not change its name to NortonLifeLock.

For at least these reasons and the additional reasons set forth below, the Court should join CA as a plaintiff in this case.

## II. ZSCALER'S JOINDER ANALYSIS IS FLAWED

Without any support, Zscaler rewrites the standard for joinder under Rule 25(c). In particular, Zscaler argues that joinder is not proper because Symantec "transferred away all rights at issue in this case" and thus "has no continued interest in (or basis to litigate) it." *See, e.g.*,

Opposition (Dkt. No. 262) at 1.  Zscaler's argument should be rejected.

First, Zscaler rewrites Rule 25(c) to **exclude** joinder where, as here, an interest is fully transferred.  According to Zscaler, joinder is only appropriate where an original party retains some interest.  *Id.*  But Rule 25(c) is not so constrained.  Rule 25(c) provides that "*[i]f an interest is transferred*, the action may be continued by . . . the original party unless the court, on motion, orders the transferee to be substituted in the action *or* joined with the original party."  Fed. R. Civ. P. 25(c) (emphasis added).  The plain language of Rule 25(c) permits joinder when "an interest is transferred," not when, as Zscaler suggests, "an interest is *partially* transferred."  Because the asserted patents have transferred from Symantec to CA, the predicate condition of Rule 25(c)— "an interest [that has been] transferred"—is met, and joinder is permissible.

Second, Zscaler's attempt to rewrite Rule 25(c)'s joinder provision is unsupported.  Zscaler has not identified a single case denying joinder of a transferee with an original party where the original party transferred all interest to the transferee.  *See* Opposition (Dkt. No. 262) at 2-4.  Nor has Zscaler identified any case finding substitution more appropriate than joinder.[1]  *See id.*  Zscaler's suggestion that substitution is more appropriate where an original party does not retain a continued interest is thus unsupported.  The Court should reject Zscaler's unsupported attempt to rewrite Rule 25(c).

### III. JOINDER OF CA IS APPROPRIATE

Joinder of CA with Symantec is appropriate because it would allow this action to continue unabated.  *See, e.g.*, Motion (Dkt. No. 369) at 1-2; *In re Bernal*, 207 F.3d at 598 ("Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.").  Although Zscaler filed a lengthy brief in opposition to Symantec's motion, Zscaler has not identified any harm or prejudice that would result from the requested relief.  Nor could it.  As even Zscaler acknowledges, joinder

---

[1] Symantec moved for joinder, and not substitution, under Rule 25(c).  Zscaler's attempt to request substitution of CA in place of Symantec under Rule 25(c) in its opposition appears to be procedurally improper, as Zscaler did not move for substitution.

would have no impact on the substantive rights or interests of the parties. Opposition (Dkt. 262) at 2.

Finally, Zscaler's assertion that it "did not raise a standing issue" is without merit, as Zscaler has yet to answer Symantec's complaint. Given that Zscaler could raise an issue of standing if and when it provides an answer, joinder is appropriate for at least the additional reason that it would alleviate any concerns that Symantec or CA lacks standing to pursue this action. *See, e.g.*, *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, Case No. 18-cv-06737-JST, 2019 WL 690290, *1-3 (N.D. Cal. Feb. 19, 2019) (ordering joinder of a transferee, rather than substitution of that entity, to facilitate the resolution of any standing issues).

## IV. SYMANTEC'S NAME SHOULD REMAIN AS "SYMANTEC CORPORATION"

Since its inception nearly two and a half years ago, this case has proceeded under the case caption *Symantec Corporation and Symantec Limited vs. Zscaler, Inc.*, and the parties have referred to Plaintiffs as Symantec Corporation and Symantec Limited. At this advanced stage in litigation—after the parties have conducted substantial discovery—amending the pleadings to change Plaintiff Symantec Corporation's name to "NortonLifeLock, Inc." would be confusing and prejudicial.[2] Indeed, jurors will see significant numbers of documents, including assignment and transfer agreements, data sheets, internal presentations, and competitive intelligence, among others, and products that are labeled with Symantec branding without any reference to "NortonLifeLock, Inc." And Zscaler provides no evidence or explanation suggesting otherwise.

The only case Zscaler cites to support its contention that Symantec Corporation's name should be changed is *Curwan v. Dynan*, No. C11-5598-BHS, 2012 WL 1977968 (W.D. Wash. June 1, 2012). But the facts in *Curwan* are distinguishable from those here. First, *Curwan* was in its early stages of litigation. Second, unlike *Curwan*, here Zscaler has not moved to amend the case caption. As such, the Court should decline Zscaler's invitation to change Symantec Corporation's name.

---

[2] Plaintiff Symantec Limited has not changed its name. *See* Opposition at 5, n.3.

## V. CONCLUSION

For at least the foregoing reasons, Symantec requests that the Court (1) grant its motion to join CA as a plaintiff, and (2) deny Zscaler's request to substitute CA or otherwise require Symantec Corporation to appear in the case as NortonLifeLock, Inc.

| | |
|---|---|
| Dated: December 17, 2019 | Respectfully submitted, |
| | BAKER BOTTS L.L.P. |
| | */s/ Morgan Grissum* |
| | Kurt M. Pankratz |
| | Chad C. Walters |
| | James Williams |
| | Harrison Rich |
| | Clarke Stavinoha |
| | Morgan Grissum |
| | Bryan Parrish |
| | Casey L. Shomaker |
| | |
| | Wayne O. Stacy (SBN 341579) |
| | wayne.stacy@bakerbotts.com |
| | 101 California Street, Suite 3600 |
| | San Francisco, CA 94111 |
| | Tel: (415) 291-6206 |
| | Fax: (415) 291-6306 |
| | |
| | Attorneys for Plaintiffs |
| | SYMANTEC CORPORATION and SYMANTEC LIMITED |